United States District Court
Southern District of Texas

**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS LESLIE TENNESSEE BOUNDS, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:26-cv-2016 |
| U.S. BANK TRUST NATIONAL ASSOCIATION, *et al.*, | § § § | |
| Defendants. | § § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Carlos Bounds's ("Plaintiff") Emergency Motion for Temporary Restraining Order.  (ECF No. 7).[1]   Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's motion (*id.*) be **DENIED**.

### I.     Background

Plaintiff is in the process of being evicted from her property located at 8607 Thornberry Hollow Court, Missouri City, Texas 77459 (the "Property").  (ECF No. 7 at 1).  On June 24, 2026, Plaintiff filed the instant motion, seeking a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure ("Rule") 65(b), seeking to enjoin Defendant GFF Texas Holdings,

---

[1] This case was referred to the Undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  (ECF No. 3).

LLC ("GFF") from executing a writ of possession and evicting Plaintiff from the Property. (*Id.*). According to Plaintiff, the writ of possession "was issued on April 8, 2026, and expires approximately June 21, 2026. Execution is imminent." (*Id.* at 2). Plaintiff contends that absent immediate relief, "Plaintiff will be locked out of her homestead before this Court has an opportunity to adjudicate the validity of the underlying foreclosure transaction." (*Id.*).

Plaintiff goes on to explain that this case arises from an alleged wrongful foreclosure and attempt to dispossess Plaintiff of her homestead. (*Id.*). Plaintiff alleges that the foreclosure and transfer of title to GFF is "void due to false affidavits, defects in the chain of authority, chain-of-title defects, and constitutional title deficiencies." (*Id.*). Plaintiff alleges the "state-court forcible detainer proceeding addressed only the narrow question of immediate possession; it did not and could not adjudicate the validity of the foreclosure or the title defects alleged here." (*Id.*). Plaintiff states she pursued "relief in state court," and the "Texas First Court of Appeals denied an emergency stay on April 23, 2026, holding that the eviction judgment could not be stayed absent a $60,000 supersedeas bond." (*Id.*). Plaintiff therefore requests a TRO enjoining GFF from executing the writ of possession, dispossessing Plaintiff of the Property, and transferring the Property during the lawsuit. (ECF No. 7).

2

## II.    Legal Standard

In the Fifth Circuit, there are four prerequisites for obtaining the extraordinary relief of a TRO.  To prevail, the applicant must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest. *See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008); *Mississippi Power & Light Co., v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).  Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief.  *Palmer*, 579 F.3d at 506.

Additionally, the Court may issue a TRO without written or oral notice to the adverse party or its attorney only if (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  FED. R. CIV. P. 65(b)(1).

The denial of a TRO will be upheld where the movant has failed to sufficiently establish any one of the four criteria.  *Black Fire Fighters Ass'n v.*

*City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Indeed, courts in this Circuit have made clear that temporary restraining orders constitute "extraordinary and drastic remed[ies]," which are "not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *see also Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999) ("Temporary restraining orders and preliminary injunctions are extraordinary relief and rarely issued."). Accordingly, the movant has the burden of introducing sufficient evidence to justify the grant of a TRO, *PCI Transp. Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005), and movant must also satisfy a cumulative burden of proving each of the four elements enumerated before a TRO can be granted, *Mississippi Power and Light.*, 760 F.2d at 621.

### III. Discussion

In this case, foreclosure of the Property has already taken place through state court proceedings and the writ of possession issued on April 8, 2026. In fact, Plaintiff has attached the March 11 state court order from Fort Bend County, ordering that GFF is entitled to possession of the Property. (ECF No. 7-1). As such, the foreclosure has already transpired, the Property was

4

conveyed to GFF, eviction proceedings have been completed, and the eviction is forthcoming.

Plaintiff files this motion to stop the eviction. Now that foreclosure has taken place, the Property has been transferred, and eviction proceedings are complete, the Court will not intervene in the state court proceedings on the issue of possession. Plaintiff has failed to satisfy the burden for granting an injunction based upon the current facts of this case. Moreover, Plaintiff has failed to offer evidence that would allow this Court to grant relief. Plaintiff is no longer the owner of the property, and she has no basis for an injunction. Federal district courts have found, following *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414 (5th Cir. 2013), that they generally lack jurisdiction to grant relief where a plaintiff seeks a temporary restraining order or injunction to prevent the pursuit of eviction proceedings, or the execution of a writ of possession. This Court therefore cannot issue an injunction to stop the eviction. *See Slocum v. Sebring Capital Partners, LP, et al.*, No. 4:18-cv-029, 2018 WL 3470300, at *11 (E.D. Tex. June 27, 2018) (denying Plaintiff's request for injunctive relief to undo a foreclosure sale as "federal courts are statutorily prohibited from enjoining state court proceedings under the Anti-Injunction Act"); *Brooks v. Wells Fargo Bank, N.A.*, No. 3:17-cv-3443, 2018 WL 3422138, at *3 (N.D. Tex. June 21, 2018) (denying plaintiff's request for injunctive relief related to pending eviction proceedings and the execution of a writ of

possession pursuant to the Anti-Injunction Act); *Omoloh v. Bank of America, N.A.*, No. 4:17-cv-160, 2017 WL 2616006, \*5 (N.D. Tex. May 16, 2017) ("Where, as here, the requested injunctive relief would restrain a party from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief"); *Green v. Bank of America N.A.*, No. 13-cv-1092, 2013 WL 2417916, at \*1 (S.D. Tex. June 4, 2013) (determining that "[t]o the extent there was a forcible detainer proceeding and eviction order," the court lacked the ability to provide the plaintiff with the requested temporary restraining order to enjoin the state-court proceeding).

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008) (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970)). "[T]he Anti-Injunction Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions.'" *Id.* (quoting *Atl. Coast Line R.R.*, 398 U.S. at 286). The exceptions include situations "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* at 493. As such, the Court lacks authority to grant Plaintiff's request for injunctive relief because her request to enjoin the eviction proceedings is

barred by the Anti-Injunction Act. *See Williams v. Cap. Fund I, LLC*, No. 4:23-cv-1694, 2023 WL 6797529, at *1–2 (S.D. Tex. Oct. 13, 2023); *Knoles*, 513 F. App'x at 415–16.

Moreover, Plaintiff has failed to show that any of the exceptions apply here. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 443 (1974) ("The burden was on the [movant] to show that they were entitled to a preliminary injunction, not on the [respondent] to show that they were not."). To the extent Plaintiff argues the "in aid of jurisdiction" exception applies, such exception is not applicable as this lawsuit is an *in personam* action. *See Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) ("Phillips's complaint seeks monetary damages for wrongs allegedly committed by Schreiner Bank. This lawsuit is thus an ordinary *in personam* action, and the mere fact that debts secured by real property are at issue in the dispute does not transform it into an *in rem* proceeding."). Here, Plaintiff seeks to determine her right to the Property, requesting injunctive relief based on the allegedly wrongful foreclosure. (ECF No. 23 at 3–4, 17); *see Navis v. PHH Mortg. Servs.*, No. 4:26-cv-444, 2026 WL 1701005, at *5 (E.D. Tex. June 10, 2026). Further, "[a] simple overview of Texas foreclosure and forcible detainer law reveals that the state court eviction proceedings will neither dispose of the *res* nor threaten this Court's continuing supervision." *Hart v. Wells Fargo Bank, N.A.*, No. 3:14-cv-

1111, 2014 WL 12531171, at *3 (N.D. Tex. Apr. 30, 2014) (emphasis in original). "Specifically, the federal and state court actions can both proceed uninhibited because, in Texas, actions to determine possession and actions to decide title address distinct issues and can be, and often are, tried concurrently." *Id.* Accordingly, Plaintiff's request for injunctive relief to prevent eviction in the state court proceedings seeks relief that falls outside of this Court's jurisdiction. Further, Plaintiff has failed to show a substantial likelihood of success. Therefore, her requested relief should be denied.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 7) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on June 26, 2026.

Richard W. Bennett
United States Magistrate Judge

8